Yongmoon Kim, Esq.
Evan Lehrer, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MILENA M. HUGHES, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>CERTIFIED CREDIT & COLLECTION BUREAU;<br>JOANNE M. POSSUMATO;<br>DIANA M. SCHOBEL;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Milena M. Hughes, by way of Class Action Complaint against Defendants Certified Credit & Collection Bureau, Joanne M. Possumato, and Diana M. Schobel (and John Does 1 to 10) states:

### I. NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by failing to informing the debtor of their statutory rights in the verification notice as required under section 1692g.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III. PARTIES

5. Plaintiff Milena M. Hughes ("Plaintiff" or "Hughes") is a natural person residing in Morris County, New Jersey.

6. Defendant Certified Credit & Collection Bureau, ("CC&CB") is a collection agency with its principal place of address located at 69 Readington Road, Somerville, New Jersey, 08876.

7. Defendant Joanne M. Possumato ("Possumato") is the president of CC&CB.

8. Defendant Diana M. Schobel ("Schobel") is the chief executive officer of CC&CB.

9. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

10. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

### A. Background

11. Defendants are not in the business of extending credit, selling goods or services to consumers.

12. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

13. The principal purpose of Defendants is the collection of debts.

14. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

15. Furthermore, at all times relevant hereto, Possumato and Schobel, as a principal owner, officer, director, shareholder, and/or managing partner of CC&CB, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of CC&CB complained of herein.

16. Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

17. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. Defendants are debt collectors.

21. The Account was either transferred or assigned to Defendants for collecting the Debt.

22. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

### B. Violations of the FDCPA

23. In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on October 8, 2018. A true but redacted copy, along with added notation by the Plaintiff to the right of the caption, of the collection letter is attached as ***Exhibit A***.

24. Upon information and belief, the collection letter was the initial written communications from Defendants to Plaintiff concerning the Account.

25. Plaintiff received and reviewed the collection letter.

26. The collection letter does not inform the reader of their statutory rights under the name of the creditor to whom the debt is owed.

27. Section 1692g(a) of the FDCPA requires the debt collector to:

> "(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> > (1) the amount of the debt;
> > (2) the name of the creditor to whom the debt is owed;
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

>thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

28. The 10/8/2018 collection letter provides that:

>"Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

29. Specifically, the Letter suggests that the debtor can "notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment." When in fact, the consumer must notify the office in writing within 30 days from receiving the notice that *they are disputing the debt, or a portion thereof*, then debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. *See* 1692g(a)(4).

30. By failing to effectually inform the least sophisticated consumer of their statutory rights, the collection letter deprives the least sophisticated consumer of their statutory right to dispute and/or verify the debt.

31. Defendants' failure to effectually inform the least sophisticated consumer of their statutory rights is a false, deceptive, and misleading, which is in violation of the FDCPA.

Case 3:19-cv-18819-MAS-TJB   Document 1   Filed 10/08/19   Page 6 of 10 PageID: 6

32. Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful information in connection with Defendants' attempt to collect a debt.

33. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692g, and 1692g(a)(4).

34. Defendants used the same procedures that they employed in sending the collection letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

35. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey to whom, beginning October 8, 2018, through and including the final resolution of this case, Defendants sent one more letter(s) in attempts to collect a debt which used the same or materially similar verification language.

36. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

37. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

38. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

39. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendants are debt collectors under the FDCPA;

   B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692g, and 1692g(a)(4); and

   C. Whether Plaintiff and the class are entitled to damages.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

41. The claims of the Plaintiff are typical of the claims of the members of the class.

42. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

43. Plaintiff does not have interests antagonistic to those of the class.

44. The class, of which Plaintiff is a member, is readily identifiable.

45. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

46. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

47. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

48. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

51. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

52. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

53. The collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

54. Upon information and belief, the collection is an "initial communication" as understood by 15 U.S.C. § 1692g.

55. Defendants violated the FDCPA, including but not limited to the following:

  a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e (including 15 U.S.C. § 1692e(10));

  b. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

  c. Defendants failed to state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(4).

56. The violations of the FDCPA described herein constitute *per se* violations.

57. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Milena M. Hughes demands judgment against Defendants Certified Credit & Collection Bureau, Joanne M. Possumato, and Diana M. Schobel as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: October 8, 2019

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*