**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILENA M. HUGHES,<br><br>Plaintiff,<br><br>v.<br><br>CERTIFIED CREDIT & COLLECTION BUREAU *et al.*,<br><br>Defendants. | Civil Action No. 19-18819 (MAS) (TJB)<br><br>Consolidated with<br>Civil Action No. 20-8217 (MAS) (TJB)<br>Civil Action No. 20-13461 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Certified Credit & Collection Bureau ("Bureau"), Joanne M. Possumato, and Diana M. Schobel's (collectively, "Defendants") Motion to Dismiss Plaintiff Milena M. Hughes's ("Plaintiff") Amended Complaint. (ECF No. 21.) Plaintiff opposed (ECF No. 29), and Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

**I.      BACKGROUND**

In this Fair Debt Collection Practices Act (the "Act") case, the Court must determine whether a one-page debt collection letter is fraudulent, deceptive, or misleading. Here is the letter (bearing redactions for consumer privacy):

# CERTIFIED CREDIT & COLLECTION BUREAU

PO BOX 1750 WHITEHOUSE STATION, NJ 08889
TOLL FREE 888.750.9500 FAX  908.707.8780
W W W . C E R T I F I E D C C B . C O M
New York City Department of Consumer Affairs License Number: 2006955-DCA

TOLL FREE 888-750-2300
DATE: OCT 08 2018
RE:  MORRISTOWN MEDICAL CTR 20P
PATIENT: REDACTED
ACCOUNT # REDACTED
DATE OF SERVICE: REDACTED

Milena Hughes
REDACTED
REDACTED

FILE # REDACTED

The above account has been placed with us for collection.

Unless you notify this office within 30 days after receiving this notice
that you dispute the validity of the debt or any portion thereof, this
office will assume this debt is valid.  If you notify this office in
writing within 30 days from receiving this notice, this office will:
obtain verification of the debt or obtain a copy of a judgment and mail
you a copy of such verification or judgment. If you request this office
in writing within 30 days after receiving this notice, this office will
provide you with the name and address of the original creditor, if
different from the current creditor.

This is an attempt to collect a debt by a debt collector and
any information obtained will be used for that purpose.

Kindly remit payment with the bottom portion of this statement.


                                   VERY TRULY YOURS,


        WE ACCEPT                      CERTIFIED CREDIT
ALL MAJOR CREDIT CARDS                 & COLLECTION BUREAU


                PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT


        #201LS                         CLIENT:  MORRISTOWN MEDICAL CTR 20P
                                       ACCOUNT # REDACTED
                                       DATE: OCT 08 2018
                                       FILE # REDACTED
        Milena Hughes                  BALANCE DUE: 140.03
        REDACTED
        REDACTED

            CALL OUR 24 HOUR AUTOMATED CUSTOMER SERVICE 800-354-4744

# EXHIBIT A

(Am. Compl. Ex. A, Defs.' Letter 1, ECF No. 20-1.)[1] Plaintiff raises two statutory concerns with this letter: *first*, that the letter fails to unambiguously identify the creditor (in this case, Morristown Medical Center); and *second*, that the letter fails to specify how the debtor must dispute the debt in writing. (Am. Compl. ¶¶ 23-39, ECF No. 20.) Based on these alleged violations of the Act, Plaintiff sued Defendants in a class action. (*See generally id.*) The instant Motion followed. (ECF No. 21.)[2]

## II.   **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In

---

[1] The Court considers Defendants' letter, which is attached to Plaintiff's Amended Complaint. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." (citations omitted)).

[2] Two other cases are consolidated with this case. *Lahu v. Certified Credit & Collection Bureau*, No. 20-8217 (D.N.J.); *Madlinger v. Certified Credit & Collection Bureau*, No. 20-13461 (D.N.J.). Plaintiffs in those cases received identical letters but had different creditors. The analysis herein thus applies equally to the consolidated cases.

3

doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.  **DISCUSSION**

The Fair Debt Collection Practices Act is remedial legislation that Congress enacted to stop the rash of "abusive, deceptive, and unfair debt collection practices by many debt collectors." *Evankavitch v. Green Tree Serv., LLC*, 793 F.3d 355, 360 (3d Cir. 2015) (citation omitted). As part of the Act, debt collectors must provide debtors notice of five facts—two of which are relevant here: "the name of the creditor to whom the debt is owed" and a statement advising debtors that they may "notif[y] the debt collector in writing . . . that the debt, or any portion therefore, is disputed." 15 U.S.C. § 1692g(a)(2), (4). Further, in assessing the debt collector's compliance with these rules, the Third Circuit employs the "least sophisticated consumer" standard. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006); *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) ("[T]he 'least sophisticated debtor' standard . . . preserv[es] a quotient of reasonableness and presume[s] a basic level of understanding and willingness to read with care." (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000))). The standard is objective and easy to meet. *See Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159, 162 (3d Cir. 2018) ("The plaintiff's burden is low under this objective standard. She need not prove that she was confused or misled, but only that the least sophisticated consumer would be." (citing *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015))).

A.      **The Least Sophisticated Consumer Could Ascertain the Identity of the Creditor.**

Against that backdrop, the Court assesses whether Plaintiff has alleged sufficient facts to show that the least sophisticated consumer would be duped by Defendants' letter. The Court begins with whether the letter unambiguously identifies the creditor. The Court finds that it does.

Defendants assert that Plaintiff's Amended Complaint cannot survive the chorus of case law in this Circuit that has interpreted similar letters. (*See* Defs.' Moving Br. 10-14, ECF No. 21-1.) The Court agrees. At issue here is the sufficiency of the reference to the creditor after "RE:" at the top of the letter and later reference after "CLIENT:" at the bottom. Guiding the Court is *Rodriguez v. Certified Credit & Collection Bureau*, where the court dealt with a strikingly similar letter issued by Defendant Bureau. No. 19-1649, 2019 WL 4268062 (D.N.J. Sept. 9, 2019). In that case, the letter first provided this statement at the top: "RE: SEE CLIENT LIST BELOW." *Id.* at *2. On the reverse side of the letter was another statement up top: "CLIENT: SEE CLIENT LIST BELOW." *Id.* Five lines down, the letter finally provided the "client list" by naming a single client: "CLIENT LIST: [REDACTED]." *Id.* Notwithstanding the three-leg journey that letter imposed on the reader, the court found that the letter unambiguously informed the least sophisticated consumer of the single creditor. *Id.* at *3. That was so because the "debt collector's reference to its 'client' [wa]s sufficient to convey . . . that client is the creditor" and because the letter "d[id] not list multiple parties or set forth a potentially confusing assignment." *Id.* (listing cases).

The letter here is less nebulous than the one in *Rodriguez*. The letter provides the name of the creditor on top on the "RE:" line. The letter repeats the creditor at the bottom of the letter on the "CLIENT:" line. The letter references no other parties aside from Defendant Bureau and the creditor. To be sure, the letter unequivocally describes Defendant Bureau as the non-creditor debt collector in the first line of the body of the letter: "The above account has been placed with us for

collection." (Defs.' Letter 1.) Further, as *Rodriguez* notes, numerous courts in this circuit have held that letters that reference a single client unambiguously convey the creditor to the least sophisticated consumer. *See, e.g.*, *Johnson v. Simm Assocs, Inc.*, 335 F. Supp. 3d 680, 685-86 (D. Del. 2018); *Molina v. AR Res., Inc.*, No. 17-6573, 2018 WL 1027449, at *2 (D.N.J. Feb. 22, 2018). Thus, although Defendants' letter lacks clarity, the Court concludes that it sufficiently identifies the creditor.

Strengthening the Court's view is the inapplicability of Plaintiff's cited case law. Plaintiff sees *Rodriguez* and raises a case from the Seventh Circuit, *Steffek v. Client Services, Inc.*, 948 F.3d 761 (7th Cir. 2020). There, the letter (like the one here) conveyed the creditor up top: "RE: CHASE BANK USA, N.A." *Id.* at 763. But the letter (unlike the one here) did not include any other information about the creditor, such as the "CLIENT:" line. *Id.* Thus, the Seventh Circuit concluded that "the form letter simply did not identify Chase Bank as the creditor to whom the debts were then owed." *Id.* at 765. The Court agrees with the Seventh Circuit that, without the "CLIENT:" line indicating the creditor, the letter would not sufficiently identify the creditor. But here, as described above, Defendants' letter does. For similar reasons, Plaintiff's other cited case law is distinguishable. *See Gross v. Lyons Doughy & Veldhuis, P.C.*, 779 F. App'x 864, 865-66 (3d Cir. 2019) (letter identified four entities and did not include "CLIENT:" line); *Hopkins v. Advanced Call Ctr. Techs., LLC*, No. 20-6733, 2021 WL 1291736, at *1, *5 (D.N.J. Apr. 7, 2021) (letter identified three entities and did not include "CLIENT:" line).[3]

---

[3] The Court also rejects Plaintiff Scott Madlinger's argument that Defendants' letter required language directing the reader to the bottom of the letter. *See Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) ("Even the least sophisticated debtor is bound to read collection notices in their entirety." (citations omitted))

**B.** **The Least Sophisticated Consumer Would Know to Dispute the Debt in Writing.**

Plaintiff further alleges and argues that Defendants' letter violates the Act because it "does not indicate what it is that consumers must include in their written notification." (Pl.'s Opp'n Br. 20, ECF No. 29.) According to Plaintiff, the least sophisticated consumer might think to notify the debt collector without ever verifying or disputing the underlying debt. (*See id.* at 21.) As an example, Plaintiff posits that "a consumer could write to Defendants and stated, [sic] 'This is my notification pursuant to your October 8 letter.'" (*Id.*)

Notwithstanding Plaintiff's argument, the Court finds the plain language of the letter unambiguous. The relevant language provides that

> [u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgement and mail you a copy of such a verification or judgement.

(Defs.' Letter 1.) Plaintiff appears to assail the second sentence for failing to qualify that the writing must include language disputing the debt. (*See* Pl.'s Opp'n Br. 21-22.) But context dictates that the "writing" in the second sentence is the same as the notification disputing the validity of the debt in the first sentence. Indeed, this plain meaning is reinforced by the first sentence's reference to *disputing* the validity of the debt and the second sentence's reference to *verifying* the validity of the debt. Thus, no unsophisticated consumer would think to notify the debt collector without seeking to at least verify or dispute the debt. *See Campuzano-Burgos*, 550 F.3d at 299 ("Although established to ease the lot of the naive, the [least sophisticated consumer] standard

7

does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." (citations omitted)).[4]

To be fair, Defendants' letter could have conveyed the statutory requirements more clearly. For example, the letter could have parroted the statutory language almost verbatim: "[I]f [you] notif[y] [us] in writing within [thirty days] that the debt, or any portion thereof, is disputed, [we] will obtain verification of the debt or a copy of a judgment against [you] and a copy of such verification or judgment will be mailed to [you] by [us]." *See* 15 U.S.C. § 1692g(a)(4). But, although Defendants' letter lacks clarity, the Court finds penalizing Defendants for splitting one sentence into two a step too far. That's especially so considering the multiple cases from this District interpreting the same language and finding no ambiguity. *See Naranjo v. Vision Fin. Corp.*, No. 13-792, 2014 WL 1908501, at *3 (D.N.J. May 13, 2014) ("The only plausible reading of the letter Plaintiff received is that the notification of the second sentence is the notice of dispute in the first sentence."); *Hopson v. FMS Fin. Solutions, LLC*, No. 17-4341, 2018 WL 2095599, at *5 (D.N.J. May 7, 2018) ("Here, the least sophisticated debtor would read the first sentence, indicating that she could dispute '*the validity of the debt, or any portion thereof*,' just before the

---

[4] Further, even if a consumer wrote to Defendants, "This is my notification pursuant to your October 8 letter" (as Plaintiff posits), Defendants would interpret that notification as a dispute. That is because Defendants' letter defined the consumer's notification as a request for verification, and the consumer's notification was *pursuant to* Defendants' letter. *See* Black's Law Dictionary (11th ed. 2019) (defining "pursuant to" as "in compliance with" or "in accordance with"); *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) ("[E]ven if there is a *literal* distinction between requesting verification of a debt and disputing a debt, we treat a request for verification as a dispute within the meaning of the Act." (citation omitted)).

second sentence, stating that if she notified the debt collector in writing that she disputed '*the validity of this debt*' it would obtain verification of the debt.").[5]

C. **Plaintiff's Derivative Claims Also Fail.**

Plaintiff also asserts claims under § 1692e and § 1692f of the Act, which broadly prohibit debt collectors from collecting debt through false, misleading, and unconscionable methods. (Am. Compl. ¶ 60 (citing 15 U.S.C. §§ 1692e, 1692f).) These claims, however, are based on the same deficiencies analyzed above. Because Plaintiff has not identified separate statutory violations supporting these claims, Plaintiff's § 1692e and § 1692f claims must fail as a matter of law. *See Gottesman v. Virtuoso Souring Grp., LLC*, 400 F. Supp. 3d 81, 91 (D.N.J. 2019) ("Because [p]laintiff's § 1692g claim fails, similarly, her § 1692e claim also fails."); *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-843, 2013 WL 6178594, at *3 (D.N.J. Nov. 22, 2013) (dismissing § 1692e claim based on same conduct as § 1692g claim); *Evans v. Portfolio Recovery Assocs., LLC*, No. 15-1455, 2016 WL 4059645, at *6 (D.N.J. July 27, 2016) ("[A]s courts of this District have recognized, conduct that is a violation of another section of the FDCPA 'cannot be the basis for a separate claim under § 1692f.'" (quoting *Turner v. Pro. Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013))).

IV. **CONCLUSION**

Plaintiff has not sufficiently alleged claims under the Act. The Court thus dismisses Plaintiff's Amended Complaint.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] For similar reasons, the Court rejects Plaintiff Madlinger's argument that the second sentence did not include the language, "the debt, or any portion therefore, is disputed." (Pl.'s Opp'n Br. 13-14, *Madlinger*, No. 20-13461, ECF No. 11.)